1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY L. THOMAS,

                        Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, *et al.*,

                        Defendants.

Case No.  C08-5234BHS

ORDER

        This matter is before the court on Plaintiff's motion for appointment of an attorney (Doc. 1),

Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 1), and Plaintiff's motion for a

preliminary ruling on the issue of appointment of counsel (Doc. 4).  After reviewing the matter the court

finds and orders as follows:

        1.  Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **inaccurate and incomplete.**

        Plaintiff's application, signed on April 3, 2008, was received by the Clerk of the court on April 16,

2008.  It was not submitted on the court's approved form, and the Clerk issued a letter, explaining certain

deficiencies.  Plaintiff's Complaint, submitted along with the application, indicates he is seeking damages

and injunctive relief based on his treatment while incarcerated and under the custody of the Washington

Department of Corrections.

        On May 23, 2008, Plaintiff submitted information to cure the deficiencies and an amended

application on the form approved form, which is used by prisoners.  The form specifically states that the

form is not to be used unless the person submitting it is in custody.  The form further requires prisoners to

provided inmate account information required by  28 USC § 1915.  Significantly, Plaintiff is no longer in

custody or a prisoner within the Washington Department of Corrections.  Plaintiff did not answer the custody

question, but instead explained in a letter that he was out of custody and submitting the form with the anticipation that he would be back in custody at sometime in the future.  In addition, Plaintiff has filed a motion seeking relief from being required to provide copies of his Complaint for each defendant, in addition to completed Marshal's forms to have the court conduct service in this matter, if his application for in forma pauperis is granted.

The court cannot accept the application to proceed in forma pauperis in its current form.  The use of the "prisoner" form is inappropriate and the court cannot order the deduction of the filing fee from a prison trust account which does not exist.  Plaintiff shall file an new application, on the appropriate non-prisoner form **by not later than June 30, 2008.**  In addition, Plaintiff shall provide the court with a new declaration or affidavit stating his financial ability or inability to pay the filing fee in this matter.  Plaintiff shall note that if his application is granted, he will be required to prepare a Marshal Form and complete copy of his Complaint for each of the named defendants.  These documents should be filed along with the new application to proceed in forma pauperis by the due date set above, and Plaintiff shall note that if these documents are not submitted the matter may be dismissed for lack of prosecution.

2.  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.   Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel.

Accordingly, Plaintiff's motions related to appointment of counsel (Doc. 1 & 4) are **DENIED**.

DATED this 30th day of May, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge