UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY LAMONT THOMAS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS et al.,

    Defendants.

Case No. C08-5234BHS/JKA

REPORT AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE

**NOTED FOR:**

**October 31, 2008**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is plaintiff's motion asking the court to pay for more than thirty copies of his sixty four page complaint for service (Dkt. # 12). In the alternative plaintiff asks the court to appoint counsel or stay this action. Plaintiff is currently in contempt of repeated orders to provide service copies.

This action was commenced in April of 2008, when plaintiff filed his proposed sixty four page document naming thirty nine persons, plus John and Jane Does (Dkt. # 1). Plaintiff was incarcerated at the time of filing, but was released later that month. Plaintiff's *in forma pauperis* application was deficient,

ORDER
Page - 1

and on May 30, 2008, the court entered an order directing plaintiff to file a new application as a non prisoner (Dkt # 5). That order specifically warned plaintiff:

> Plaintiff shall note that if his application is granted, he will be required to prepare a Marshal Form and complete copy of his complaint for each of the named defendants. These documents should be filed along with the new application to proceed in forma pauperis by the due date set above, and Plaintiff shall note that if these documents are not submitted the matter may be dismissed for lack of prosecution.

(Dkt. # 5, page 2). Plaintiff did not comply with the court's instructions. On July 24, 2008, a second order was entered (Dkt. # 8). In this order the court stated:

> The court has reviewed the record and the Complaint. However, Plaintiff has failed to provide marshal forms and/or copies of the Complaint for each defendant named in the Complaint. The court explained in its previous order that Plaintiff was required to submit the forms and copies of the Complaint, which are required to properly effect service in this matter. Accordingly, Plaintiff shall submit the necessary forms **by no later than August 25, 2008**, otherwise the court will recommend dismissal of this matter for lack of prosecution.

(Dkt. # 8, emphasis in original). Plaintiff did not comply with this court order. Plaintiff claims that on August 24, 2008, he learned he had filled out the Marshal forms in the wrong case (Dkt # 10). Plaintiff asked for "a brief period in which to have the forms completed." (Dkt. # 10). Plaintiff was given until September 19, 2008, to provide Marshal's forms and copies of the complaint for service (Dkt # 11). The court specifically stated:

> Plaintiff shall submit the necessary forms **by no later than September 19, 2008,** otherwise the court will recommend dismissal of this matter for lack of prosecution.

(Dkt # 11, emphasis in original). Plaintiff did not comply with the court's order. On September 19, 2008, plaintiff filed one copy of the complaint and one Marshal's form along with a motion asking the court to make copies of the complaint (Dkt # 12). Plaintiff asks in the alternative for a stay of the proceedings. In the body of the motion, plaintiff admonishes the court for denying his prior motion for appointment of counsel and asks counsel be appointed (Dkt. # 12).

Having reviewed the file the undersigned recommends this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute the action, and for failure to comply with the court's orders to provide service documents.

## DISCUSSION

Plaintiff's status as an *in forma pauperis* litigant does not relieve him of the burden to prosecute his action. While plaintiff is proceeding in forma pauperis, this status does not waive the costs associated with

litigation other than the filing fee. Plaintiff must pay for all other costs of litigation, including the cost of preparing documents needed to effect service. Plaintiff has been given six months to file appropriate service copies and Marshal's Forms. Plaintiff has been warned on no less than three occasions that failure to file the service documents would result in a recommendation that this action be dismissed (Dkt. 5, 8, and 11). Plaintiff has failed to comply with those court orders.

Plaintiff's motion asking the court to further subsidize his litigation, stay the action, or provide an attorney, is improper given the history of this action. This action should be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with court orders

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 31, 2008**, as noted in the caption.

DATED this 7 day of October, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3